## BAYLISS v. DEFORD.

1. **Former Adjudication:** WHAT IS NOT: SPECIAL FINDING ON POINT NOT IN ISSUE. A special finding of a jury on a point not in issue is not conclusive upon the parties in another action involving the same real issues. And so, where two notes were given for a balance due on a harvester, and they each contained this condition: " This note was given with the understanding that the harvester must be perfect, or this note is void," and in an action on the first note the maker set up a defense that the condition had not been complied with, and the jury specially found that the difference in value of the harvester as it was, and as it would have been had it been made to comply with the warranty under which it was sold, was the amount of the note in suit, *held* that this finding was not material to the issue, since the defense was not merely a breach of the warranty, but a breach of the condition of the note, and that such finding was not conclusive upon the maker, when sued on the other note, as showing that he had been compensated in the first suit for all the damages he had suffered on account of the defects of the machine, and therefore ought to pay the last note in full.

*Appeal from Mitchell District Court.*

FRIDAY, DECEMBER 16.

ACTION upon a promissory note. There was a demurrer to the defendant's answer. The court sustained the demurrer, and the defendant electing to stand upon his answer, judgment was rendered against him for the amount of the note. The defendant appeals.

*M. M. Browne* and *J. M. Moody*, for appellant.

*W. L. Eaton*, for appellee.

ADAMS, CH. J.—The answer shows, in substance, that the note in question was given for a harvester, being the third one of a series of notes; that some time prior to the harvest of 1875 the plaintiff sold the harvester to the defendant with a warranty; that upon trial the harvester proved defective and unsatisfactory; that the defendant, however, was induced to keep it, with the understanding that it should, before another season, be perfected, and made to comply with the warranty; that with this understanding the defendant gave

the plaintiff three promissory notes of $60 each, and made payable, one December 1, 1875, one December 1, 1876, and one December 1, 1877,—the latter being the one now sued on. The answer shows that the first note was executed without any condition attached, but upon each of the other two notes there was a written condition in these words: "This note is given with the understanding that the harvester must be perfected, or this note is void." The answer shows, further, that the defendant paid the first note when it became due; that upon the second note he was sued, and as a defense set up the condition, and averred that the machine did not fulfill the warranty with which it was sold, and that the plaintiff had failed to perfect it; that upon trial the jury found specially the facts as averred, and found, also, that the difference in value of the machine as it actually was, and as it would have been if it had been as warranted, was the amount of the note then in suit; and judgment was accordingly rendered for the defendant. The answer, in addition to setting up the adjudication on the second note, set up the condition on the note in suit, and avers the defective condition of the machine, and failure of the plaintiff to perfect it. The plaintiff demurred to the answer, upon the ground, in substance, that the answer shows that in the adjudication upon the second note the defendant was allowed all the damage to which he is entitled by reason of the defective condition of the machine, and ought, therefore, to pay the third note in full.

We have to say, however, that in our opinion the plaintiff's position cannot be sustained. In order to sustain it, we should be obliged to attach more importance to a special finding of the jury than we think it is entitled to. That finding relates to the difference in value of the machine as it actually was, and as it would have been if it had been as warranted. In our opinion, that finding was not material under the issues. The case was not one simply of a breach of warranty. The parties had expressly provided what should be the result if the machine should not be made good. The

Bayliss v. Deford.

provision was contained in the condition written upon each of the last two notes. Those two notes were to be void, and that, too, regardless of the difference of the value of the machine as it was, and as it would have been if it had been as warranted. It is true that the answer in suit upon the second note set up the warranty, and the failure, and the fact that the plaintiff neglected to perfect the machine; but it is manifest that all this was done merely to show that the condition written upon the note had not been complied with by the plaintiff, and that the note was therefore void.

If there had been no condition written upon the second note, and, in the action brought upon it, the defendant had pleaded simply a breach of warranty, and the special finding of the jury had been as above set out, there would have been some ground for contending that the defendant, having been allowed his full damages once, ought to pay the third note in full. But the contract between the parties was that, if the plaintiff failed to make the machine good, both the second and third notes should be void. It was the right, therefore, of the defendant to plead the failure as a defense to both notes. What was said about the warranty appears to have been merely a mode of pleading a failure to perform the condition expressed on the note. While that condition was that the plaintiff should *perfect* the machine, the meaning evidently was that it should be made to comply with the warranty with which it had been sold. Probably a good answer could have been drawn in the action upon the second note without reference to the warranty, but we see no valid objection to pleading a breach of the condition written on the note in the way in which it was pleaded. We think that the real adjudication in that case was that that note was void, and, if that is so, the defendant is not precluded from claiming that this, the third, note, containing the same condition, is void also.

We think the court erred in sustaining the demurrer.

REVERSED.